United States Court of Appeals
Fifth Circuit

**F I L E D**

February 19, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

Nos. 03-20292 & 03-20500
_____

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff-Appellant,

versus

DUNBAR DIAGNOSTIC SERVICES INC.;
VILLAGE ULTRASOUND CLINIC INC.,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Southern District of Texas, Houston
USDC No. H-02-CV-555
_____

Before JOLLY, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

The Equal Employment Opportunity Commission ("EEOC") brought this action against Dunbar Diagnostic Services, Inc. ("Dunbar"), on behalf of Leticia Gonzalez for discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (West 2004). In this consolidated appeal the EEOC challenges the district court's grant of judgment as a matter of law ("JMOL") in favor of Dunbar on both causes of action and its award of attorneys' fees to Dunbar. We REVERSE.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"[J]udgment as a matter of law is proper after a party has been fully heard by the jury on a given issue, [when] there is no legally sufficient evidentiary basis for a reasonable jury to have found for that party with respect to that issue." Klumpe v. IBP, Inc., 309 F.3d 279, 287 (5th Cir. 2002); FED. R. CIV. P. 50. In deciding a motion for JMOL, the court must review the record as a whole, draw all reasonable inferences in favor of the nonmoving party and do so without weighing the evidence or making credibility determinations. Delano-Pyle v. Victoria County, 302 F.3d 567, 572 (5th Cir. 2002).

With respect to the EEOC's discrimination claim, the district court's grant of JMOL was improper. First, given the minimal burden, the EEOC put forth sufficient evidence of its prima facie case to preclude JMOL: (1) Gonzalez is a member of a protected group; (2) she was qualified for the health insurance benefits; (3) these benefits were denied; and (4) this denial was differentially applied to Gonzalez because all other eligible employees were offered benefits. See Rubinstein v. Administrators of Tulane Educational Fund, 218 F.3d 392, 399 (5th Cir. 2000).

Second, the EEOC also produced evidence that Dunbar's non-discriminatory reason for not providing benefits to Gonzalez -- that she failed to ask for them -- was false. Reeves v. Sanderson Plumbing Prod., Inc., 530 U.S. 133, 148 (2000). This evidence of falsity, coupled with the EEOC's prima facie case, was sufficient to preclude JMOL with respect to the EEOC's discrimination claim.

2

Dunbar's contention that, because Gonzalez would not have opted for insurance coverage, she was not damaged, is also contested on this record. Although Gonzalez was receiving free insurance from Medicaid, she testified that she would have signed up for coverage under the more comprehensive Dunbar policy had it been offered. Moreover, because the EEOC brought this claim, prospective injunctive relief relating to Dunbar's future conduct also could be available. E.E.O.C. v. Waffle House, Inc., 534 U.S. 279, 287 (2002).

Finally, with respect to the EEOC's retaliation claim, the district court's grant of JMOL was similarly improper. Initially, it is clear that Gonzalez engaged in protected activity -- filing a discrimination charge against Dunbar. Fabela v. Socorro Indep. School Dist., 329 F.3d 409, 414 (5th Cir. 2003). Although Gonzalez's termination was termed by Dunbar as a resignation, the EEOC produced evidence that Gonzalez was, in fact, discharged -- which is an adverse employment action. Hernandez v. Crawford Bldg. Material Co., 321 F.3d 528, 531 (5th Cir. 2003).

Gonzalez testified that she was involuntarily terminated. And the letter sent by Dunbar to Gonzalez stated that her threatening a lawsuit "resulted in [her] resignation." This letter could be interpreted by a jury as an involuntary resignation or termination, or that "a causal connection exists between that protected activity [hiring a lawyer and threatening a lawsuit] and the adverse employment action." Id.

3

Dunbar nevertheless argues that Gonzalez cannot recover for retaliation because, in being unable to attend work, she was not "qualified" for her job. (Her doctor had prescribed temporary bedrest to help with pregnancy complications.) In this respect, Dunbar urges this panel to apply Holtzclaw v. DSC Communications Corp., 255 F.3d 254 (5th Cir. 2001), which held, under the Age Discrimination in Employment Act, 29 U.S.C. § 623(d) (West 2004), that a plaintiff who sought re-employment was required to prove that he was qualified for his position. Id. at 259-60.

Holtzclaw involved a failure to rehire claim brought by a plaintiff who was on long-term disability and, according to earlier determinations, was "unable to work at all" and "would never be able to return to work." Id. at 257. In this case, however, the EEOC is bringing a claim for wrongful discharge. There has been no determination that Gonzalez suffers from a long-term disability, or that she was not qualified. (Indeed, Dunbar implicitly admitted that Gonzalez *was* qualified by offering her clerical work in lieu of medical leave -- and then terminated her before her reply.)

In short, whether Gonzalez was terminated because she was not "qualified" or for some impermissible reason -- the central issue of the retaliation claim -- remains an issue for the trier of fact. We therefore decline Dunbar's invitation to extend the Holtzclaw requirements to this particular case, and find that JMOL was inappropriate.

4

Accordingly, the district court's grant of Dunbar's motion for JMOL with respect to the EEOC's discrimination and retaliation claims is REVERSED and the case is REMANDED such that a jury may consider the evidence on both sides of both claims.

Further, because Dunbar is no longer a prevailing party, the district court's award of attorneys' fees is REVERSED. 42 U.S.C.A. § 2000e-5(k) (West 2004). Similarly, because the EEOC's appeal was not frivolous, Dunbar's request for fees in prosecuting this appeal is DENIED. FED. R. APP. P. 38.

This panel also DENIES the EEOC's request to reassign the case to another district judge on remand. Although the trial judge may have been disapproving toward the EEOC and Gonzalez, this fact is not sufficient to rise to the extraordinary standard required for reassignment. Liteky v. U.S., 510 U.S. 540, 555-56 (1994).

Finally, we hold that the district court did not abuse its discretion in dismissing Village Ultrasound Clinic, Inc. ("Village"), as a party because Dunbar conceded that it has sufficient employees to be considered an "employer" under Title VII. Williams v. Hoyt, 556 F.2d 1336, 1341 (5th Cir. 1977). In this respect only the judgment of the district court is AFFIRMED.

Based on the above, we REVERSE the district court's grant of JMOL and attorneys' fees to Dunbar; AFFIRM the district court's dismissal of Village; DENY Dunbar's request for appellate attorneys' fees and the EEOC's request for reassignment; and REMAND

the action for further proceedings not inconsistent with this opinion.

AFFIRMED in part; REVERSED in part; REMANDED.