# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40454
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 23, 2014

Lyle W. Cayce
Clerk

JUDY N. PREE,

Plaintiff - Appellant

v.

FARMERS INSURANCE EXCHANGE

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:10-CV-723

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:*

Judy Pree appeals the district court's judgment granting Farmers Insurance Exchange's ("Farmers's") motion for summary judgment. Pree brought claims of age discrimination, retaliation, and hostile work environment, all under the Age Discrimination in Employment Act of 1967 ("ADEA"). Pree also brought a claim for intentional infliction of emotion distress under Texas law. On appeal, Pree challenges the dismissal of her disparate treatment and retaliation claims. She also argues that the district

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court abused its discretion by ruling on Farmers's summary judgment motion during the pendency of Pree's motion to compel. We have considered each of Pree's arguments and AFFIRM the district court's judgment granting Farmers's motion for summary judgment.

I.

Pree, who was born in 1954, began her career at Farmers in 1993 as a mail clerk. In 2002, she started working in the Beaumont, Texas, field claims department. By 2008, she was promoted to Special Field Claims Representative in that office by Rick Dearing, her supervisor. She was fifty-four years old at the time of this promotion.

Beginning in 2009, Pree began to receive poor marks for her work in that position. Farmers evaluated its claims representatives in six areas and graded each representative on a scale of one to five, with one evidencing that the employee was far below company expectations and a five evidencing that the employee far exceeded expectations. In 2009, Pree's year-end review noted that she was underperforming in two of the six review areas. She scored a one (below expectations) in "Customer Experience" and a two (partially meets expectations) in "Level of Support." This year-end review was administered by Dearing and included specific commentary from him on each graded area.

Pree's 2009 failure to meet company expectations in the area of customer service was the second time she had failed in this area in recent years. Furthermore, her overall job performance rating for 2009 was a two, meaning that she only partially met the company's expectations. Pree complained to Ronnie Waller, the Auto Physical Damage department manager in the Beaumont office, that Dearing was treating her unfairly. As a result, Waller transferred her to the supervision of another superior, Cary Scott Robertson, in March 2010. On April 2, 2010, Pree, now fifty-five years old, filed a charge

of age discrimination with the EEOC, alleging disparate treatment by Dearing. Her interactions with Dearing are the basis of her disparate treatment claim before us.

After the filing of the charge with the EEOC, Pree alleges that Robertson began to mistreat or "nitpick" her. In June 2010, Pree received a Formal Warning based on her poor job performance; this warning was written by Robertson. The Warning noted that in 2009 Pree had failed to meet company expectations in the areas of customer service and level of support. It also stated that Pree was not meeting expectations in estimate accuracy, total loss accuracy, efficiency/time management, behavior, and level of support. The memo relayed how Robertson had been providing daily support to Pree and cautioned Pree that she "must stabilize and improve her performance" or be subject to further disciplinary action "up to and including termination of [her] employment."

By the time of Pree's 2010 mid-year performance review, she was not meeting expectations in four of the six objectives, and Pree was placed on sixty-day probation because of these performance failures. Shortly thereafter, Robertson made the decision to fire Pree. These events, including termination, constitute the substance of Pree's retaliation claim.

## II.

Pree first filed suit in November 2010. In July 2011 Pree presented her first requests for production and interrogatories. On July 22, Farmers moved for summary judgment on all of Pree's claims while Pree moved for a continuance, which the district court granted, extending Pree's deadline to respond to the motion until September 12. During this time Pree conducted additional discovery and filed her response. On February 13, 2012, the discovery deadline passed and Pree had not yet received what she believed to

No. 13-40454

be an adequate response to a second set of interrogatories and requests for production.   Twelve days later she filed a motion to compel Farmers to adequately respond and produce those documents.   On March 30, 2012, the district court granted Farmers's motion for summary judgment while Pree's motion to compel was pending.   This motion to compel was later denied as moot.   The district court later issued a memorandum opinion and entered a final judgment.   Pree timely appealed.

### III.

We review a district court's granting of summary judgment *de novo*, "employing the same standards as did the district court." *Meditrust Fin. Servs. Corp. v. Sterling Chems., Inc.*, 168 F.3d 211, 213 (5th Cir. 1999).   Summary judgment is proper where a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

First, Pree appeals the dismissal of her ADEA disparate treatment claim against Farmers.   A plaintiff may prove age discrimination "either through: direct evidence or by an indirect or inferential method of proof." *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004).   If relying on the inferential method, as Pree does here, she must put forth a prima facie case, "at which point the burden shifts to the employer to provide a legitimate, non-discriminatory reason for the employment decision." *Berquist v. Washington Mut. Bank*, 500 F.3d 344, 349 (5th Cir. 2007).   A prima facie case requires that the plaintiff show "(1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age." *Rachid*, 376 F.3d at 309.

4

No. 13-40454

Pree fails to challenge the district court's finding that she had not established a prima facie case of discrimination and instead attacks Farmers's legitimate, non-discriminatory reasons for its conduct as pretextual in nature. We will not assume that Pree established a prima facie case of discrimination when there is no reliable evidence that she was either replaced by a younger worker or otherwise discharged because of her age. *Rachid*, 376 F.3d at 309. The district court did not err in granting summary judgment for Farmers on Pree's disparate treatment claim.

Pree next alleges that Farmers retaliated against her because she filed a charge of age discrimination with the EEOC. This alleged retaliation took place while she was under the supervision of Robertson following her reassignment in March 2010. "To establish a *prima facie* retaliation claim under the ADEA, [a plaintiff] must show (1) that he is engaged in a protected activity, (2) that there was an adverse employment action, and (3) that a causal link existed between the protected activity and the adverse employment action." *Holtzclaw v. DSC Commc'ns Corp.*, 255 F.3d 254, 260 (5th Cir. 2001). The district court addressed the claim under the assumption that Pree established a prima facie claim of retaliation although there is no reliable evidence that there was a causal link between Pree's EEOC filing and her subsequent firing. We have detailed Pree's poor job performance and note that an extensive amount of the documented negative performance, which served as the basis for her discharge, took place before she ever filed the April 2, 2010 charge with the EEOC. There is no evidence to establish any link between Pree's filing and her dismissal; instead, the record only supports a record of more of the same poor job performance in 2010. We hold that Pree failed to establish a prima facie case of retaliation and affirm the district court's holding with respect to Pree's retaliation claim.

No. 13-40454

IV.

On her final issue on appeal, Pree argues that the district court abused its discretion when it granted Farmers's motion for summary judgment because she had a pending motion to compel discovery. "We review the district court's decision to preclude further discovery prior to granting summary judgment for abuse of discretion." *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1441 (5th Cir. 1993).

Pree acknowledges that she failed to seek relief under Rule 56(d) by filing a motion for continuance of the court's ruling on Farmers's motion and that a party "waives the issue of inadequate discovery" when it fails to seek relief under Rule 56(d). *Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 719 (5th Cir. 1999). Pree argues, however, that a party need only indicate to the court by "some equivalent statement, preferably in writing" its need for additional discovery to invoke the rule. *Int'l Shortstop, Inc. v. Rally, Inc.*, 939 F.2d 1257, 1266-67 (5th Cir. 1991). Neither Pree's supplemental response, nor her sur-reply, indicates that she lacked sufficient discovery to *adequately* respond to Farmers's motion for summary judgment. We hold that the district court did not abuse its discretion in ruling on Farmers's motion for summary judgment in spite of Pree's pending motion to compel.

V.

In sum, we conclude that the district court did not err in granting Farmers's motion for summary judgment on Pree's disparate treatment and retaliation claims under the ADEA and that it did not abuse its discretion in ruling during the pendency of Pree's motion to compel. Accordingly, the judgment of the district court is

AFFIRMED.

6