# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40911

United States Court of Appeals
Fifth Circuit

**FILED**
June 25, 2018

Lyle W. Cayce
Clerk

PAMELA S. QUICK,

      Plaintiff - Appellant

v.

WAL-MART STORES, INCORPORATED, doing business as WalMart,

      Defendant - Appellee

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:16-CV-109

---

Before JOLLY, JONES, and HAYNES, Circuit Judges.

PER CURIAM:*

    Pamela S. Quick ("Quick") challenges the district court's grant of summary judgment on her age- and disability-discrimination claims against her former employer Wal-Mart Stores, Inc. ("WalMart"). Because Quick fails to show that she was qualified for her position at the time of her discharge, we affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40911

I.

WalMart hired Quick as a sales associate in the meat department of its Portland, Texas, store in November 2013. Quick was 64 years old. In March 2014, Quick allegedly slipped at work, injuring her neck and back. Quick returned to work with doctor-ordered lifting restrictions, yet her injuries continued to cause her pain. After some time off beginning in December 2014, Quick received a "Work Excuse" showing that she could return to work on February 11, 2015. Soon thereafter, Quick met with WalMart's store manager and personnel coordinator, and they told her she needed to return to work. But Quick refused, explaining that "she was physically unable to work at that time." According to Quick, she had been told by WalMart management that she could return to work only if she was "100% with no restrictions." WalMart discharged her on February 15.

Quick filed suit in Texas state court, alleging age, disability, and sex discrimination under the Texas Labor Code (formerly known as the Texas Commission on Human Rights Act (the "TCHRA")) and FMLA interference and retaliation. Upon removal, the district court granted summary judgment for WalMart on all claims.[1] Quick now appeals the dismissal of her age- and disability-discrimination claims.

II.

This court reviews a grant of summary judgment de novo. *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 438 (5th Cir. 2012). "The party moving for summary judgment bears the burden of identifying the portions of the record that demonstrate the absence of a genuine issue of material fact," and "[t]he

---

[1] The district court originally denied summary judgment on Quick's age-discrimination claim but later vacated its original order as to the age-discrimination claim and granted summary judgment for WalMart. As a procedural matter, neither party disputes that the district court was well within its authority under Federal Rule of Civil Procedure 54(b) in doing so.

No. 17-40911

nonmovant must then point to or produce specific facts demonstrating that there is a genuine issue of material fact." *E.E.O.C. v. Chevron Phillips Chem. Co., LP*, 570 F.3d 606, 615 (5th Cir. 2009). We "draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence." *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 896 (5th Cir. 2002). We may affirm summary judgment on any ground supported by the record. *Ballard v. Burton*, 444 F.3d 391, 402 (5th Cir. 2006).

## III.

Quick alleges that WalMart discharged her because of her age and disability, in violation of the TCHRA. The TCHRA is "modeled on" the Age Discrimination in Employment Act ("ADEA") and the Americans with Disabilities Act ("ADA"), so "Texas courts look to the developing body of federal decisional law in resolving discrimination claims." *Jaso v. Travis Cty. Juvenile Bd.*, 6 S.W.3d 324, 328 (Tex. App. 1999) (ADEA); *Little v. Texas Dep't of Criminal Justice*, 148 S.W.3d 374, 382 (Tex. 2004) ("[B]oth the federal court decisions interpreting the ADA and the federal administrative regulations regarding the ADA guide our interpretation . . . ."). To establish a prima facie case under both the ADEA and the ADA, a plaintiff must prove that she was qualified for the position in question at the time of her discharge.[2] *Jackson v. Cal-W. Packaging Corp.*, 602 F.3d 374, 378 (5th Cir. 2010) (ADEA); *E.E.O.C. v. Chevron Phillips Chem. Co.*, LP, 570 F.3d 606, 615 (5th Cir. 2009) (ADA).

---

[2] A plaintiff "can ordinarily establish a prima facie case of age discrimination" by showing she "had not suffered physical disability . . . or some other occurrence that rendered h[er] unfit for the position for which [s]he was hired." *Bienkowski v. Am. Airlines, Inc.*, 851 F.2d 1503, 1506, 1506 n.3 (5th Cir. 1988). And as for disability discrimination, a "qualified individual" is one "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds." 42 U.S.C. § 12111(8) (2012).

No. 17-40911

"A person who cannot do any work, let alone the particular work required for the job from which [s]he was discharged, is not a 'qualified individual'" under the ADEA or the ADA. *Dorsey v. Boise Cascade Co.*, 611 F. App'x 212, 214 (5th Cir. 2015) (analyzing ADA); *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 499 n.7 (5th Cir. 2015) (explaining "qualified" in the ADEA context refers to "objective job qualifications" such as "physical capacity"); *see also Holtzclaw v. DSC Commc'ns Corp.*, 255 F.3d 254, 258, 260 (5th Cir. 2001) (holding plaintiff was not qualified under the ADEA in the light of the court's conclusion that plaintiff was not qualified under the ADA because plaintiff said "it was 'not possible to work' even with any form of accommodation"). Quick testified that "the last time" she believed she was "physically able to work in any capacity" was "[r]ight around" December 2014.[3] More specifically, the WalMart meat-sales-associate job description lists "[m]ov[ing] up and down a ladder" as a physical activity "necessary to perform one or more essential functions of t[he] position." Quick testified that, since December 2014, she has not been able to move up and down a ladder, nor "do any job" requiring climbing.[4]

By Quick's own account, she was unqualified for her meat-department position when WalMart terminated her in February 2015. And when given the opportunity to explain her testimony in her briefing on appeal, Quick offered

---

[3] Quick had also testified that the "last time" she was "physically able to work" was February 2014 before she was fired November 2015. Those dates conflict with the record evidence regarding Quick's discharge. But in any event, that testimony confirms Quick was physically unable to work *before* WalMart discharged her.

[4] Quick's cited testimony does not address accommodations and references only her inability to work in *any* capacity. So although we acknowledge Quick's position that she asked for accommodations and was denied, those requests do not change the fact that she concedes she could not do any work at the time of her discharge. And she does not contend that additional leave would have enabled her to perform the essential functions of her position upon return, saying only that WalMart failed to "explor[e] *whether* some additional leave *would* allow [her] to return to work."

No. 17-40911

neither rebuttal nor explanation.  Thus, we take her at her word.  The district court did not err in granting summary judgment on Quick's age- and disability-discrimination claims.

## IV.

In sum, Quick fails to point to specific facts demonstrating that there is a genuine issue of material fact as to whether she was qualified for her position at the time of her discharge.  The judgment of the district court is

AFFIRMED.