# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 25, 2021

Lyle W. Cayce
Clerk

No. 20-10775

Matthew Vaughn,

*Plaintiff—Appellee*,

*versus*

Nebraska Furniture Mart, L.L.C.; TXFM, Incorporated,
doing business as Nebraska Furniture Mart,

*Defendants—Appellants*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CV-1220

Before Owen, *Chief Judge*, Smith and Graves, *Circuit Judges*.
Per Curiam:*

The question is whether appellants' neglect, which resulted in the entry of default judgment against them, amounted to willful neglect because they sent just one email in a nine-month span to outside counsel regarding this lawsuit. The district court found it willful. We agree and affirm.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10775

I.

Mr. Matthew Vaughn sued defendants-appellants for employment discrimination and retaliation. He alleged that appellants fired him "because of his race (Black) . . . and national origin (African American)." He also alleged that his termination was in retaliation for "complaining about and opposing illegal race, color, and national origin discrimination . . . ." Because he was unemployed for seven weeks and underemployed for six months, he sought damages for lost wages, lost earning capacity, back pay, front pay, lost employee benefits, mental anguish, emotional pain and suffering, and attorney's fees.

On June 28, 2019, Vaughn, using a process server, served appellants with summons and complaint by delivering them to the employee designated to receive process and appellants' general counsel. Appellants failed to file an answer.

The district court then issued an order instructing Vaughn to seek default judgment or risk dismissal. So Vaughn filed for default judgment, and the clerk of court entered default. The district court held an evidentiary hearing to determine damages and concluded that there was sufficient evidence to award approximately $54,000 in damages for back pay ($16,821), front pay ($27,350), and attorney's fees ($10,000). On April 7, 2020, over nine months after service of process, the court entered default judgment against appellants accordingly.

Appellants filed a motion to vacate the default judgment under Federal Rule of Civil Procedure 60(b)(1) in which they tried to explain their failure to answer. Appellants admit that both their designated representative and general counsel received the summons and complaint. And their general counsel avers that he passed the information along to an HR representative, who avers that she sent a single email on July 1, 2019, to outside counsel about

2

Vaughn's lawsuit. But outside counsel claims that he never received the email, and he cannot provide a record of having received it. Outside counsel also says that he has no billing entries related to it.

No one can pinpoint where the breakdown occurred. What is certain is that appellants' HR representative never followed up with outside counsel after sending the one email. The district court concluded that "diligence requires more than just one email from a client to its attorney" over the course of nine months. Consequently, the court found appellants' neglect inexcusable and their failure to answer willful and denied their motion to vacate the final judgment. This appeal followed.

## II.

The panel reviews the entry of default judgment for abuse of discretion. *Lacy v. Sitel Corp.*, 227 F.3d 290, 291–92 (5th Cir. 2000). Any underlying factual determinations, including a finding of willful default, are reviewed for clear error. *Id.* at 292. "No clear error exists if the factual findings are 'plausible in light of the record as a whole.' In other words, '[w]e will find clear error only if a review of the record results in a definite and firm conviction that a mistake has been committed.'" *United States v. Lima-Rivero*, 971 F.3d 518, 520 (5th Cir. 2020) (quoting *United States v. Zuniga*, 720 F.3d 587, 590 (5th Cir. 2013)) (internal citations omitted).

## III.

We look to three factors to determine whether good cause to set aside default judgment exists: whether default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented. *Wooten v. United Transit Assocs., Inc.*, 788 F.3d 490, 500 (5th Cir. 2015). But a "finding of willful default ends the inquiry, for when the court finds an intentional failure of responsive pleadings there need be no other finding." *Id.* (internal quotations omitted). Willfulness is defined as an

intentional failure to respond to litigation. *In re OCA, Inc.*, 551 F.3d 359, 370 n.32 (5th Cir. 2008).

The district court here stopped after the willfulness inquiry, which raises the question of whether it committed clear error when it determined that appellants' neglect was inexcusable and amounted to willful neglect because they sent one lone email to outside counsel about Vaughn's lawsuit. When, as here, a defendant's neglect causes its failure to respond, the defendant has the burden to convince the court that its neglect was excusable, rather than willful, by a preponderance of the evidence. *In re Chinese Manufactured Drywall Prod. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014).

The district court compared this case to *Wooten v. United Transit Assocs.*, where we found the default willful because the defendant could provide no reason for it. 788 F.3d at 500–01. While appellants here offered a reason, the district court viewed it as unacceptable, or perhaps unbelievable, and concluded that appellants did not show that their mistake was excusable. Reaching this conclusion was within the district court's discretion.

For example, in *Matter of Dierschike*, 975 F.2d 181 (5th Cir. 1992), we affirmed the district court's finding of willful default where the appellant said he failed to answer because he was confused. *Id.* at 184–185. He was involved in another suit when served and, as a result, did not understand that he had been served in a new and different suit. *Id.* at 184. Appellant also failed to follow up with his lawyer, who had sent him a copy of the complaint. Likewise, in *Chinese Manufactured Drywall Products*, we concluded that appellant's actions were inexcusable where it claimed that it had not understood the legal implications and the significance of the complaint and did not seek legal advice. 742 F.3d at 593–95.

The misunderstandings, claimed confusion, and failures to follow up with a lawyer or seek legal advice seen in *Dierschike* and *Chinese Manufactured*

*Drywall Products* are similar to the facts of this case. Here, appellants received a complaint and allegedly sent one email to outside counsel, who never responded. Over nine months passed from the date the email was allegedly sent to the entry of default judgment. During that time, no one followed up with outside counsel, no one inquired about a bill from outside counsel, and no one asked the HR representative about the proceedings. This inattentiveness and lack of procedures for handling lawsuits support the district court's inference that appellants acted willfully and essentially provided no reason for their failure to answer the complaint. After all, diligence requires more than sending one email to a lawyer. And appellants' failure to follow up after receiving no response from outside counsel makes them culpable in the default.

AFFIRMED.