# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 26, 2024

Lyle W. Cayce
Clerk

_____

No. 23-50595

_____

Jorge Mungaray,

*Plaintiff—Appellant*,

*versus*

Bryan Collier; Bobby Lumpkin; C. F. Hazelwood; Cephus Anderson; Bruce Armstrong,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:23-CV-95

_____

Before Elrod, Duncan, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Jorge Mungaray, Texas prisoner # 1056798, appeals from the district court's dismissal without prejudice of his civil rights lawsuit for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). We review such dismissals *de novo*, in the same way as dismissals under Federal Rule of Civil Procedure 12(b)(6).

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

*Legate v. Livingston*, 822 F.3d 207, 209–10 (5th Cir. 2016). All well-pleaded facts are accordingly accepted as true and viewed in the light most favorable to the plaintiff. *Whitley v. Hanna*, 726 F.3d 631, 637 (5th Cir. 2013). A complaint fails to state a claim on which relief may be granted when it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility" when the plaintiff pleads factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. All the same, we must liberally construe pleadings by *pro se* plaintiffs. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In his complaint and more definite statement, Mungaray alleged that the five defendants—all of whom were employees of the Texas Department of Criminal Justice—had interfered with his Native American religious practices and had favored other inmates' Christian religious practices, thereby violating his rights under the First Amendment, the Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act.

As to defendants Bryan Collier, Bobby Lumpkin, C. F. Hazelwood, and Bruce Armstrong, Mungaray's complaint and more definite statement fail to allege that these supervisory officials were personally involved in any constitutional violation or implemented any policy that caused a constitutional violation. *See Gates v. Texas Dep't of Protective & Regul. Servs.*, 537 F.3d 404, 435 (5th Cir. 2008). An official may not be held vicariously liable simply by virtue of his role as supervisor or employer. *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 692–93 (1978). Accordingly, the district court was correct to dismiss Mungaray's claims against these defendants. And as to Mungaray's RLUIPA claims, on appeal he merely

states in conclusory fashion that he met his initial burden under that statute, which is insufficient to support a challenge to the district court's judgment. *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

However, Mungaray does allege that defendant Cephus Anderson was directly involved in violations of his constitutional rights. His claims against Anderson therefore require further examination.

While prison officials need not give every religious denomination identical treatment, they must nonetheless afford "reasonable oportunities [sic] . . . to all prisoners to exercise the religious freedom guaranteed by the First and Fourteenth Amendments." *Cruz v. Beto*, 405 U.S. 319, 322 n.2 (1972). Under the First Amendment's Free Exercise Clause, any limits placed on a prisoner's religious exercise must "reasonably relate[] to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). And under the Fourteenth Amendment's Equal Protection Clause, the state may not engage in "purposeful discrimination resulting in a discriminatory effect among persons similarly situated." *Baranowski v. Hart*, 486 F.3d 112, 123 (5th Cir. 2007) (quoting *Adkins v. Kaspar*, 393 F.3d 559, 566 (5th Cir. 2004)).

The district court permitted Mungaray to file a more definite statement so that he could specifically state every injury that he alleges he suffered. Mungaray alleges that Anderson is the head chaplain for his unit of the prison and is responsible for the unit's religious programs and for scheduling time for religious musical groups to play and practice. Mungaray alleges that Anderson intentionally cancelled timeslots for the Native American religious group while permitting Christian groups to proceed with theirs, and that Anderson said that he "did not care about the Native American community." Mungaray also alleged in his original complaint that Anderson told Native American prisoners: "You worship and get what I

No. 23-50595

allow you to.  Ya'll need Jesus and to quit practicing this witch craft and devil worship."

While Anderson's alleged statements might indicate discriminatory purpose, Mungaray has still failed to describe his injuries with the requisite level of specificity.  Even construing Mungaray's pleadings liberally, *Haines*, 404 U.S. at 520, we agree with the district court that it is unclear when any of the alleged events occurred or for how long they had been ongoing.  *Cf. Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (sparsely detailed allegations sufficient where plaintiff nonetheless provided dates and timeline of events).  Mungaray's vague reference to Anderson's cancelling Native American musical practices is insufficient to state a claim for violation of Mungaray's First and Fourteenth Amendment rights.  *See Iqbal*, 556 U.S. at 678 (plaintiff must provide more than an "unadorned, the-defendant-unlawfully-harmed-me accusation").

Accordingly, we AFFIRM.