# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-30463
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 20, 2017

Lyle W. Cayce
Clerk

SERGEI BOISSIER,

Plaintiff - Appellee

v.

KARA T. KATSUR,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CV-2785

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

Sergei Boissier entered into a verbal contract with Kara Katsur to renovate a few bathrooms in his house in exchange for $40,000. Katsur deposited several checks from Boissier towards that amount, and another subsequent check from Boissier for $1,000, while completing only preliminary demolition work on the renovations. After discovering that Katsur had not

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

completed the renovations, Boissier terminated the contract and brought this suit for breach of contract, negligence, and bad faith breach of obligations.

Three weeks after Boissier served Katsur, a fact she disputes, Boissier filed for an entry of default, which the clerk entered a week later. Shortly after, Boissier filed for default judgment. After examining the allegations in the complaint and other evidence, the district court entered judgment in the amount of $86,000 a month later. Only after another three weeks did Katsur finally respond to the suit by seeking to set aside both the entry of default under Rule 55(c) and the judgment under Rule 60(b). The court denied her motions, finding that her default was willful and that service of process was proper.

Katsur brings those same claims here, while also arguing that the default judgment was the result of misconduct on the part of Boissier's counsel and that the amount in controversy was not met. We must decide whether the Katsur was properly served, whether diversity jurisdiction existed, and whether Rules 55(c) or 60(b) provide Katsur relief.

## I.

Katsur first contends that the district court lacked subject matter jurisdiction because the amount in controversy required for diversity jurisdiction was not met. 28 U.S.C. § 1332(a). To determine whether the $75,000 threshold is met, we look to the complaint and consider jurisdictional facts as of the time the complaint was filed. *See Grupo Dataflux v. Atlas Global Grp.*, 541 U.S. 567, 570 (2004). Boissier's complaint seeks damages consisting of: "1) the $41,000 he paid Katsur for unfulfilled obligations; 2) the additional costs that Mr. Boissier will have to pay another contractor to fix Katsur's faulty work, including the damages from the unauthorized demolition; and 3) the court costs and Mr. Boissier's attorney's fees for bringing this action as [a] result of Katsur's negligence and bad faith."

No. 16-30463

Though the complaint does list specific damages, the $41,000 is not enough on its own. When specific damages alleged do not meet the threshold, it must be "facially apparent" that the unspecified claims exceed the jurisdictional amount. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). The unspecified damages alleged here are the costs to fix Katsur's faulty work and attorney's fees incurred in the suit. But in Louisiana, attorney's fees are available only when they are allowed by statute or contract. *Rhodes v. Collier*, 41 So. 2d 669, 764 (La. 1949). Nowhere in his complaint does Boissier allege that the verbal contract discussed or anticipated the availability of attorney's fees in the event of a breach. Also, Boissier cites no Louisiana statute that allows recovery of attorney's fees in negligence or bad faith breach of obligations actions. *See Smith v. Shirley*, 815 So. 2d 980, 987 (La. Ct. App. 2002) (declining to award attorney's fees for a bad faith breach of obligations claim when neither the contract nor statutory authority allowed for them); *c.f. Lancaster v. Petroleum Corp. of Delaware*, 491 So.2d 768, 779 (La. Ct. App. 1986). Attorney's fees therefore cannot be included in the amount in controversy determination.

So for jurisdiction to exist, it must be facially apparent that the cost to fix Katsur's alleged faulty work could be large enough to surpass the threshold when added to the specified $41,000. We hold that it is. Boissier alleges that, in addition to beginning a demolition that will have to be fixed by another contractor, Katsur demolished portions of the house that were not included in the agreed upon bathroom renovation. The demolition left the structure of the house exposed to the elements. This damage could easily amount to $34,000.01, the remaining amount needed to push Boissier's claim above the threshold. *See Marcel v. Pool Co.*, 5 F.3d 81, 84 (5th Cir. 1993). And in fact, evidence later showed that the damage to the house was more than $45,000.

3

No. 16-30463

We therefore find that the district court had subject matter jurisdiction to enter the default judgment.

## II.

We review the district court's denial of Katsur's motion to reopen default under 55(c) and 60(b) for abuse of discretion. *Federal Sav. and Loan Ins. Corp. v. Kroenke*, 858 F.2d 1067, 1069 (5th Cir. 1988). Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Rule 60(b), in turn, provides a number of avenues of relief that Katsur invokes here.

Katsur first asserts that service of process was ineffective, which would render the judgment void and afford her relief under Rule 60(b)(4). The crux of her claim is that the process server simply left the summons and complaint in a community mailbox, rather than serving an eligible individual at her residence as the law requires. Fed. R. Civ. P. 4(e)(2). The process server gives a different account, saying he delivered the summons to a cotenant of Katsur's apartment. If the process server's account is true, service was proper because it may be made "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. Pro. 4(e)(2)(B).

The district court found Boissier's contentions more credible, and we review for clear error. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). The process server's affidavit supplies details regarding the person who received the summons, including the person's physical appearance and the person's refusal to provide her name. Katsur's affidavit, in contrast, only proclaims that neither the summons nor the complaint was personally served on the cotenant. The district court's credibility determination is accordingly not clear error. We therefore hold that service of process was proper under Rule 4(e)(2)(B), meaning the judgment is not void under Rule 60(b)(4).

4

No. 16-30463

Katsur also seeks relief under Rule 60(b)(1) for good cause. A defendant cannot make a good cause showing, however, if the default was willful. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 500 (5th Cir. 2015). Katsur concedes that she contacted an attorney almost three months before the entry of default. Despite this, Katsur gives no explanation for why she did not answer the complaint—or communicate with the court in any way—during the three month period she had notice of the suit. It was only after the judgment was entered that Katsur decided to hire counsel and respond to the summons, and we have previously held that rushing to court once a default judgment is entered is insufficient to show a default was not willful. *Id.* at 501. Katsur was aware of the allegations against her and chose to do nothing. That is the definition of willful default, and relief for good cause is unavailable to her. *See id.*; *see also Alaniz v. H and H Farms, LLC*, 2010 WL 4064021, at * 4 (S.D. Tex. Oct. 14, 2010).

Katsur's claim that misconduct by Boissier justifies relief under Rule 60(b)(3) fails as well. To succeed, she must show that 1) Boissier engaged in fraud or other misconduct, and 2) this misconduct prevented her from fully and fairly presenting her case. *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005). She claims that Boissier's counsel misled her then-prospective counsel by implying that Boissier would wait to file an entry for default. Though Katsur failed to raise this claim before the district court, even if not waived it is based on an erroneous factual premise. In the email on which Katsur relies, Boissier's counsel was unequivocal in stating that no extension of time would be granted.

Katsur further complains that her counsel was not made aware of the entry of default. But Katsur herself acknowledges that she did not hire counsel until after the default judgment was entered, almost thirty days later. She cannot have it both ways by claiming to be unrepresented during default to

5

show good cause under 60(b)(1), while simultaneously arguing that failing to notify that nonexistent counsel somehow constitutes misconduct under 60(b)(3). We find no misconduct by Boissier or his attorney and deny relief under Rule 60(b)(3). *Contrast Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1341–42 (5th Cir. 1978) (finding misconduct when defendant intentionally failed to disclose relevant documents requested in discovery).

Katsur finally seeks relief under Rule 60(b)(6), which allows us to vacate a judgment for "any other reason that justifies relief." We have made clear that this "grand reservoir of equitable power" should only be exercised in extraordinary circumstances. *Wooten*, 788 F.3d at 501. Katsur offers nothing to support exercising this power here. In sum, Katsur has no avenue to escape the default judgment, and the district court was correct in so holding.[1]

\* \* \*

The judgment of the district court is AFFIRMED.

---

[1] Katsur briefly argues that the pleadings and facts before the district court were insufficient to enter a default judgment. Although it is true that a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law," the district court had ample facts on which to base its judgment. *See Nishimatsu*, 515 F.2d at 1206.