# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 18, 2023

Lyle W. Cayce
Clerk

No. 22-20385

Vecron Exim, Limited,

*Plaintiff—Appellee*,

*versus*

Afif Baltagi,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-18-2394

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Kurt D. Engelhardt, *Circuit Judge*:*

Appellant Afif Baltagi ("Baltagi") appeals the default judgment against him, arguing that the district court abused its discretion in entering the default judgment and in denying his motions to vacate the default judgment. Baltagi argues that the default judgment was improper because he was never served with the original complaint and therefore was not on notice that he needed to file a responsive pleading. Baltagi's argument is undercut

---

* This opinion is not designated for publication. See 5th Cir. R. 47.5.

both by Vecron's proof of service and accompanying affidavit from July 2018 and by Baltagi's extensive and meaningful participation in this case. Accordingly, we agree with the district court that Baltagi's default was willful and thus affirm.

I

On September 29, 2021, Vecron requested the entry of default against Appellant "for failure to plead or otherwise defend Plaintiff's claims in a timely manner." That same day, the district court entered the Order of Default as to Appellant, and the clerk issued an entry of default. Over five months later, on March 11, 2022, the district court granted default judgment against Appellant. Three days later, Appellant filed a pleading titled "Defendant Afif Baltagi Requesting to Be Dismissed on Order that Was Filed March 11th 2022." On March 18, 2022, the district court entered an order stating that it had "carefully reviewed Baltagi's Motion" but was "not persuaded that the default entered against him should be set aside or that the court's March 11, 2022, Order should be vacated." Accordingly, the district court denied Appellant's motion and entered a final judgment against him.

On May 18, 2022, Appellant filed a second motion to vacate the final judgment. For the first time, Appellant claimed that he had never been properly served. Vecron responded with extensive evidence of Appellant's active participation in the case for years, including filings made by Appellant, e-mails from Appellant discussing and consenting to various filings, and portions of Appellant's deposition transcript where he was represented by counsel.

On July 1, 2022, the district court issued a 39-page Memorandum Opinion and Order denying Baltagi's second motion to vacate. In its order, the district court meticulously detailed Appellant's participation in the case

and found that Appellant's default of his obligation to file a responsive pleading was willful. This appeal follows.

## II

The panel reviews the entry of a default judgment for abuse of discretion. *Lacy v. Sitel Corp.*, 227 F.3d 290, 291–92 (5th Cir. 2000). Any underlying factual determinations, including a finding of willful default, are reviewed for clear error. *Id.* at 292. "No clear error exists if the factual findings are 'plausible in light of the record as a whole.' In other words, '[w]e will find clear error only if a review of the record results in a definite and firm conviction that a mistake has been committed.'" *United States v. Lima-Rivero*, 971 F.3d 518, 520 (5th Cir. 2020) (quoting *United States v. Zuniga*, 720 F.3d 587, 590 (5th Cir. 2013)) (internal citations omitted).

## III

We look to three factors to determine whether good cause to set aside a default judgment exists: whether default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented. *Wooten v. McDonald Transit Assocs., Inc.,* 788 F.3d 490, 500 (5th Cir. 2015). But a "finding of willful default ends the inquiry, for when the court finds an intentional failure of responsive pleadings there need be no other finding." *Id.* (internal quotations omitted). Willfulness is defined as an intentional failure to respond to litigation. *In re OCA, Inc.*, 551 F.3d 359, 370 n.32 (5th Cir. 2008).

The district court here stopped after the willfulness inquiry, which raises the question of whether it committed clear error when it determined that Appellant's decision to not file a responding pleading was willful. The district court made no clear error. In its comprehensive memorandum opinion, the district court thoroughly reviewed Baltagi's participation in the case from 2018 through 2022 and found that it could only conclude that

No. 22-20385

Baltagi was "'aware of the allegations against [him] and chose to do nothing. That is the definition of willful default, and relief for good cause is unavailable to [him].'" *Bossier v. Katsur*, 676 F. App'x 260, 263 (5th Cir. 2017). As the district court's findings are plausible in light of the record as a whole, we conclude that there was no abuse of discretion or clear error, and therefore, we AFFIRM.