# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10691

SECURITIES AND EXCHANGE COMMISSION,

United States Court of Appeals
Fif h Circuit

**FILED**
September 18, 2017

Lyle W. Cayce
Clerk

Plaintiff-Appellee

v.

GARY L. MCDUFF,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CV-526

Before JOLLY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Gary L. McDuff moves to proceed in forma pauperis (IFP) in an appeal from the district court's order denying his motion under Federal Rule of Civil Procedure 59(e) in which he sought to alter or amend a default judgment. His IFP motion is a challenge to the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). To proceed IFP, McDuff must be economically eligible and his appeal must not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10691

be frivolous. *See* Fed. R. App. P. 24(a)(5); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). McDuff has established his financial eligibility.

According to McDuff, the default judgment should be set aside because it was a product of fraud. He claims that the declaration filed by the Securities and Exchange Commission (SEC) falsely stated that McDuff failed to respond to the complaint and falsely represented that McDuff was competent at the time of service.

McDuff insists that a series of nonsensical documents filed prior to being formally served in 2012 satisfied his requirement to respond to the complaint. None of those filings addressed the substance of the SEC's complaint, and once McDuff was properly served in 2012, he had an obligation to answer or otherwise defend timely, but he failed to do so. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). As such, McDuff's claim that the SEC's supporting affidavit falsely claimed that he failed to respond to the complaint is frivolous.

Next, McDuff asserts that the SEC's affidavit falsely stated that he was competent at the time of service. He points out that in his related criminal case for conspiracy to commit wire fraud and money laundering, the district court ordered a psychological evaluation. Though he admits that he was found competent to stand trial, he claims that at the time of the SEC's affidavit, his competency was still in question. The record refutes McDuff's assertions. He was served on August 23, 2012. At that time, he had neither been judicially declared incompetent nor was he confined to a mental institution. On October 9, 2012, the district court ordered a competency evaluation after McDuff filed nonsensical documents in his criminal case. The SEC's affidavit did not misrepresent McDuff's competency at the time of service.

In conclusory fashion, McDuff challenges factual allegations in the SEC's complaint and argues that the default judgment is insufficiently supported. A

No. 16-10691

default judgment must be "supported by well-pleaded allegations" and must have "a sufficient basis in the pleadings." *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Federal Rule of Civil Procedure 8 indicates what is "well-pleaded" or "sufficient." *Wooten v. McDonald Transit Assoc., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015).

The SEC's complaint alleged that McDuff violated federal securities laws by offering and selling securities in unregistered offerings and by using funds raised through these offerings not, as investors were told, to invest only in highly rated debt securities, but to invest millions in a Ponzi scheme that was the subject of a SEC enforcement action. These allegations sufficiently satisfied "the low threshold of Rule 8." *Wooten*, 788 F.3d at 498.

Finally, McDuff asserts that the district court did not adequately explain its reasons for denying IFP status and "used circular reasoning" to deny his IFP motion. The district court's incorporation by reference of its decisions on the default judgment and McDuff's post judgment motions was sufficient to comply with the requirement under Federal Rule of Appellate Procedure 24(a)(3) and fully provide the reasons for its certification decision. *Baugh*, 117 F.3d at 202 & n.2.

Because the appeal is frivolous, the request for leave to proceed IFP is denied and the appeal is dismissed. *See id.* at 202 n.24; 5TH CIR. R. 42.2. The dismissal of this appeal counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). McDuff is WARNED that if he accumulates three strikes, he will not be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

No. 16-10691

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.[1]

---

[1] Judge Haynes dissents and would grant the IFP, retain the case on the docket, and hold the question of sanctions in abeyance pending further proceedings.