# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 7, 2008

Charles R. Fulbruge III
Clerk

No. 07-60376

PATRICK JOSEPH ESSINGER, SR, individually and as administrator of the estate of Jolee Paige Essinger, deceased; CONSTANCE LORRAINE ESSINGER, individually, and as administrator of the estate of Jolee Paige Essinger, deceased

Plaintiffs - Appellants

v.

LIBERTY MUTUAL FIRE INSURANCE COMPANY

Defendant - Appellee

Appeal from the United States United States District Court
for the Southern District of Mississippi
1:06-CV-176

ON PETITION FOR REHEARING

Before DAVIS and SOUTHWICK, Circuit Judges, and CLARK, District Judge.[*]

SOUTHWICK, Circuit Judge:

We deny the petition for rehearing. We discuss only one of the issues that was presented in the petition, but all have been considered.

The Essingers argue that an issue we raised sua sponte in our original opinion should result in reversal and remand. We disagree. The initial opinion gave the broader context for our discussion of the punitive damage issue by

[*] District Judge of the Eastern District of Texas, sitting by designation.

pointing out that Mississippi caselaw provides for more than one form of damages when an insurance company has tortiously breached its contract. The equity in Mississippi's approach arises from the fact that an insurance company's financial default under a policy provision may be less than the cost to the insured of judicially forcing a correct payment. The level of extra-contractual damages an insured may be entitled to varies based on the nature of the conduct by the insurance company. JEFFREY JACKSON, MISS. INS. LAW & PRAC. § 13:21 (2007).

In practice, two separate categories of damages are recognized. Punitive damages are available for egregious conduct. The lesser level of damages may be appropriate where the insurer lacks an arguable basis for delaying or denying a claim, but the conduct was not sufficiently egregious to justify the imposition of punitive damages. See Universal Life Ins. Co. v. Veasley, 610 So. 2d 290, 295 (Miss. 1992). These damages are an intermediate form of relief between simply receiving incidental costs of suit (but not attorneys' fees), and getting punitive damages. Id. at 295 ("Additional inconvenience and expense, attorneys fees and the like should be expected in an effort to have the oversight corrected. It is no more than just that the injured party be compensated for these injuries.").

The Mississippi Supreme Court described the kind of conduct that gives rise to the lower level of damages:

> Applying the familiar tort law principle that one is liable for the full measure of the reasonably foreseeable consequences of her actions, it is entirely foreseeable by an insurer that the failure to pay a valid claim through the negligence of its employees should cause some adverse result to the one entitled to payment.

Id. Thus, Mississippi law recognizes that negligent conduct of the insurance company can justify recovery of, for example, attorneys' fees; punitive damages require bad faith by the insurance company.

Even though attorneys' fees and certain other expenses are an alternative to punitive damages when bad faith has not been shown, the Essingers did not present that option for this court's review. Earlier in the controversy, that alternative was recognized. Starting with the release between the Essingers and Liberty Mutual, the right to pursue claims "including, but not limited to, breach of contract and/or bad faith," was reserved. Then, the Essingers' complaint in this suit asserted a claim for "tortious breach of contract" and sought actual as well as punitive damages. The Essingers' claim for extra-contractual damages was ignored in the parties' summary judgment arguments. Although Liberty Mutual acknowledged in the opening paragraph of its Motion for Summary Judgment that the Essingers sought both "punitive and other extra contractual damages," the remainder of its motion focused solely on whether the imposition of punitive damages would be appropriate. In response, the Essingers also focused only on punitive damages. The district court did the same.

We were faced with the same abbreviated arguments on appeal. The Essingers argued that an issue on appeal is whether Liberty Mutual can be "ignorant of Mississippi law . . . and not be subject to a jury finding that it committed bad faith." Their brief focused only on whether the district court erred in rejecting their claim for punitive damages. Our original opinion on this appeal agreed with the district court that Liberty Mutual's actions did not justify the imposition of punitive damages. The Essingers on rehearing insist that we should remand to consider the lesser damages.

We noted in our original opinion that no appellate argument was made concerning a possible right to the extra-contractual damages of attorneys' fees and other expenses if the insurance company's conduct was not sufficiently egregious to support punitive damages. Because the conduct did not descend to that level, does our rejection of the only objection presented to us also require that we affirm on the remainder of what might have been argued?

3

The Essingers argue that another panel of this Circuit recently resolved that issue for us. Broussard v. State Farm Fire & Cas. Ins. Co., 523 F.3d 618, 628-29 (5th Cir. 2008). There, a jury awarded punitive damages, but that award was reversed on appeal. Id. at 631-32. The court then remanded for consideration of extra-contractual damages such as attorneys' fees even though neither party raised that issue on appeal. Id. The central problem with arguing that Broussard is relevant here is that we are concerned with the failure to argue error, i.e., we are facing the problem of waiver. The Broussard plaintiffs were not alleging error – they won in the district court. It was only after the appellate court found that the evidence was insufficient to sustain a jury finding of bad faith that the question became relevant of whether the evidence might at least support extra-contractual damages such as attorneys' fees. Had the court not itself noticed the point, it would have been a valid one for a petition for rehearing since that issue then was a ripe one. An appellee does not need to forecast and brief all possible ramifications of a total or partial reversal; an appellant must present and brief all its allegations of error. Broussard does not have much to say about today's issue.

So we return to the central waiver issue. Waiver considerations go to the core of what appellate courts do – consider issues properly preserved and presented, not lawyering for the parties from the court's vantage point. On one extreme of waiver considerations, a party does not have to argue the most relevant precedent; if we find some useful authority overlooked by a party on a properly presented issue, we can and should apply it. Maybe not on the opposite extreme but far in that direction, if a plaintiff had two separate causes of action, both of which were dismissed on summary judgment, we will not consider reinstating a cause of action that the plaintiff ignores on appeal as arguments are made only on the other.

One question, then, is the relationship between what the Essingers have presented vigorously to us and this question of lesser damages. To understand the relation, it may be possible to distinguish what the Mississippi courts call the "tort of bad faith," which allows punitive damages, from the right to recover other damages if the conduct is less egregious but still sufficiently negligent. JACKSON, MISS. INS. LAW, § 13:2. There are some Mississippi precedents that suggest there is only one tort, but with discrete (i.e., not overlapping) damages allowed depending on whether bad faith is shown (allowing punitive damages) or just negligence (allowing attorneys' fees and other costs). Id.

Generically, our waiver issue arises from the fact that error is alleged in the trial court's finding that certain tortious conduct was never shown, but no error was alleged in the failure of the district court also to decide whether there was proof sufficient for a jury to support a lesser remedy or a less egregious tort. Whether there is one tort with two remedies or two torts with separate remedies need not be decided, as that distinction is not critical to the waiver issue. We find that the appellants have argued only that there was sufficient evidence to withstand summary judgment on the bad faith denial of a claim. There has been no argument that if we do not reverse on that basis, that we at least ought to find the district judge in error on failing to find the conduct created a fact question on negligence. No precedents or analysis were presented to us concerning what would justify lesser damages.

When an appellate court should consider an issue not properly presented is a question with no certain answer. In this Circuit, a standard is sometimes articulated that an issue will not be addressed when raised for the first time on appeal unless it is a purely legal matter and failure to consider the issue will result in a miscarriage of justice. Aguirre v. Armstrong World Ind., Inc., 901 F.2d 1256, 1258 (5th Cir. 1990); HENRY D. GABRIEL & SIDNEY POWELL, FED. APP.

PRAC. GUIDE – FIFTH CIR. §1:2 (1999) (collecting cases). That general rule does not apply to this appeal, as the issue is one we noticed sua sponte.

Some standard approach is desirable because one of the fundamental goals of appellate review must be uniformity in treatment of cases. General rules and occasional exceptions should not be haphazardly applied. A noted commentator analyzed the caselaw two decades ago and found that there was no predictable system used by federal courts around the country for considering issues not properly presented in the trial courts. Robert J. Martineau, Considering New Issues on Appeal: The General Rule and the Gorilla Rule, 40 VAND. L. REV. 1023, 1024 (1987) ("gorilla rule" refers to unrestrained discretion, analogous to the right of a 600 or 800 pound gorilla to sleep anywhere he wants, id. at 1023 n.* (800 pound), 1057 n.137 (600 pound)).

Professor Martineau suggested that a rule akin to Federal Rule of Civil Procedure 60(b) be applied on appeal – if the error is the kind for which relief from a final judgment could be obtained in the trial court, that would be a good reason for allowing it on appeal. Id. at 1060. We do not adopt such a rule here, but we find a proposed requirement for such a system to be useful in our evaluation: "the matter upon which relief is sought was not known and could not reasonably have been known in time to be raised at trial." Id.

We decline to reach the issue of lesser damages because the issue was not only known but it was presented, only to be dropped below. The reasons could have been inadvertence but also could have been intentional, based on a calculation that by seeking only punitive damages the chance of receiving them would be increased. No such calculation may have occurred, but it is helpful to have a system of appellate review in which such calculations would not allow an issue to be kept in reserve. At most the appellate court would note such a waived issue in order to describe the legal framework for the decision.

The issue of damages for Liberty Mutual's conduct based on simple negligence as opposed to bad faith was not preserved and is not a basis for sua sponte reversal on appeal.  We DENY the petition for rehearing.