IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 19, 2010

Lyle W. Cayce
Clerk

No. 09-70001

CLEVE FOSTER

Petitioner - Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CV-210

ON PETITION FOR REHEARING

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

O R D E R:

Foster seeks panel rehearing in this Court's previous denial of his application for a Certificate of Appealability. His petition is DENIED.

Foster contends that the court's opinion improperly concluded that his claim for ineffective assistance of state habeas counsel was procedurally barred. We held that a number of Foster's claims were defaulted because of his failure to raise them in the state habeas proceeding. In his reply brief before this Court, he claimed that ineffective assistance of state habeas counsel caused his failure

to exhaust. Because the ineffective assistance claim was not raised in his initial application, we concluded that it was not properly before the court.

Foster now complains that he should not have been required to raise exhaustion in his original Application for COA because failure to exhaust is an affirmative defense that must first be asserted by the government. Further, he alleges that because the district court ruled expressly and solely on the "merits" of his habeas petition, he ought not be required to anticipate that the government would reassert a procedural argument on appeal.

We disagree. A litigant on appeal must point out relevant error in a district court's decision, even where the district court failed to address issues previously briefed. See Essinger v. Liberty Mut. Fire Ins. Co., 534 F.3d 450 (5th Cir. 2008). Any issue known to the appellant at the time of appeal is his responsibility to raise. See id. Here, because the government raised the issue of exhaustion in the district court, Foster was aware that it was pertinent to his appeal. Accordingly, we maintain that Foster's claim for ineffective assistance of state habeas counsel is procedurally barred.

The statement in our opinion that Foster did not present this argument in the district court was in error. After the government presented exhaustion as an affirmative defense in the district court, Foster responded to it. That factual point, though, does not affect our analysis of his appellate duty to raise the procedural point.

Foster's Petition for Panel Rehearing is DENIED.