# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60098

United States Court of Appeals
Fifth Circuit

**FILED**

December 13, 2016

Lyle W. Cayce
Clerk

EDDIE J. BRIGGS; REBECCA BRIGGS,

Plaintiffs - Appellants

v.

STATE FARM FIRE & CASUALTY COMPANY,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:14-CV-16

Before CLEMENT, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Eddie J. and Rebecca Briggs ("the Briggses") appeal following a jury trial of their insurance-related claims against State Farm Fire & Casualty Company ("State Farm"). They challenge the district court's manner of bifurcation of trial, evidentiary ruling, and grant of judgment as a matter of law in favor of State Farm. For the reasons set forth below, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60098

I

In 2011, a tornado struck Mississippi and damaged the Briggses' home. They filed a claim with State Farm, their homeowners insurance provider, seeking the policy limit of $256,800. State Farm determined that the home could be repaired for an amount less than the policy limit, ultimately paying the Briggses $158,778.58.

The Briggses sued, alleging that State Farm improperly adjusted and underpaid their claim. In particular, they alleged that State Farm: failed to use the applicable costs of materials and labor to repair their home; failed to provide complete pricing information; failed to use a licensed contractor to make the repair estimate; improperly relied on a computer software program without verifying its accuracy; improperly passed the Briggses around through approximately fifteen claims representatives; and attempted to intimidate the Briggses.

Prior to trial, State Farm filed a motion to bifurcate the trial between the Briggses' breach of contract claim ("Phase One") and their remaining claims for extra-contractual and punitive damages ("Phase Two"). The district court granted State Farm's motion.

At trial, the Briggses sought to introduce the Mississippi Homeowner Insurance Policyholder Bill of Rights as evidence of State Farm's duty and breach of duty to properly adjust the claim. The Mississippi Department of Insurance promulgated these regulations following Hurricane Katrina. They set forth rights that policyholders have with respect to their insurance policies. *See* Miss. Dep't of Insurance Regulation 2007-1, as amended. The district court excluded the Policyholder Bill of Rights from evidence during Phase One, finding that it was not relevant to the Briggses' breach of contract claim.

At the conclusion of Phase One, the jury rendered a verdict for the Briggses on their breach of contract claim and awarded $72,521.42 in damages.

2

No. 16-60098

This amount, in addition to what State Farm had already paid the Briggses, was still less than the policy limit.

State Farm moved for judgment as a matter of law on the remaining claims that were to be tried in Phase Two. The district court held an evidentiary hearing. It readmitted all evidence that was admitted during Phase One. The parties also were allowed to proffer any evidence that they would rely on during Phase Two. The Briggses introduced the Policyholder Bill of Rights as evidence for purposes of the hearing. After hearing the parties' arguments, the district court granted State Farm's motion for judgment as a matter of law, holding that the Briggses' evidence was not sufficient for their remaining claims to be tried during Phase Two.

The Briggses moved for a new trial, challenging each of the district court's rulings described above. The district court denied a new trial, and the Briggses now appeal.

II

Motions for bifurcation of trial are governed by Federal Rule of Civil Procedure 42(b). Rule 42(b) provides: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." "A motion to bifurcate is a matter within the sole discretion of the trial court, and we will not reverse the court's decision absent an abuse of that discretion." *First Tex. Savings Ass'n v. Reliance Ins. Co.*, 950 F.2d 1171, 1174 n.2 (5th Cir. 1992).

"This court reviews evidentiary rulings for abuse of discretion." *U.S. Bank Nat'l Ass'n v. Verizon Commc'ns, Inc.*, 761 F.3d 409, 430 (5th Cir. 2014). A "trial court has broad discretion in determining the admissibility of evidence based on relevance and materiality, and that determination will be overturned only when the abuse of that discretion is *clearly* shown from the record." *Id.*

No. 16-60098

Even if the district court abused its discretion, this court "reverse[s] judgments for improper evidentiary rulings only where the challenged ruling affects a substantial right of a party. The burden of proving substantial prejudice lies with the party asserting error." *Id.*

We review rulings on motions for judgment as a matter of law *de novo*. *Broussard v. State Farm Fire & Cas. Co.*, 523 F.3d 618, 624 (5th Cir. 2008). Such a motion should be granted only if "the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict." *Id.* We must "consider all of the evidence, drawing all reasonable inferences and resolving all credibility determinations in the light most favorable to the non-moving party." *Id.*

### III

### A

The Briggses first argue that the district court abused its discretion in the manner in which it bifurcated the trial. They contend that the trial should have been bifurcated between all claims that could result in compensatory damages and assessment of punitive damages. The Briggses point to *Universal Life Insurance Co. v. Veasley*, 610 So. 2d 290 (Miss. 1992), in which the Mississippi Supreme Court recognized a right to extra-contractual compensatory damages when an insurer lacked an arguable basis for denying a claim but its conduct was not sufficiently egregious to warrant punitive damages. *Id.* at 295; *see also Essinger v. Liberty Mut. Fire Ins. Co.*, 534 F.3d 450, 451 (5th Cir. 2008). Relying on *Veasley* and its progeny, the Briggses contend that their claims other than for punitive damages all raise the right to compensatory damages and should have been tried together.

The Briggses' claims for extra-contractual and punitive damages require a showing that State Farm lacked an arguable basis for its claim position,

No. 16-60098

unlike their breach of contract claim. The district court recognized this common element when it decided to bifurcate the trial.[1] In addition, the district court determined that it made the most economical sense to try the claims for extra-contractual and punitive damages together during Phase Two, as the commonality of elements made these claims a natural fit. *See* Fed. R. Civ. P. 42(b) (allowing bifurcation "[f]or convenience" and "to expedite and economize"). Further, the district court identified Federal Rule of Evidence 403 concerns in trying breach of contract and non-breach of contract claims together. *See id.* (allowing bifurcation "to avoid prejudice"). The district court did not abuse its discretion in its chosen method of bifurcation. *See First Tex. Savings Ass'n*, 950 F.2d at 1174 n.2.

B

Next, the Briggses argue that the district court abused its discretion in excluding the Policyholder Bill of Rights from evidence during Phase One. This evidence was not relevant to the Briggses' breach of contract claim, the only claim tried during Phase One. Even if it were relevant, the Briggses have not met their burden of showing that exclusion of the Policyholder Bill of Rights violated their substantial rights. *See U.S. Bank Nat'l Ass'n*, 761 F.3d at 430.

C

Finally, the Briggses argue that the district court erred in granting State Farm's motion for judgment as a matter of law. They contend that the evidence presented during Phase One and during the evidentiary hearing prior to Phase Two created a fact issue such that reasonable minds could differ as to whether State Farm had an "arguable basis" for its claim valuation. "Under Mississippi law, insurers have a duty to perform a prompt and adequate investigation and

---

[1] In their reply brief, the Briggses contend that they pursued a simple negligence claim below for which they did not seek extra-contractual damages and which should have been tried during Phase One. The district court properly found that any such claim was waived.

5

make a reasonable, good faith decision based on that investigation and may be liable for punitive damages for denying a claim in bad faith." *Broussard*, 523 F.3d at 627 (internal quotation marks omitted). As discussed above, an insured may also be liable for an intermediate form of compensatory damages if it acted without a reasonably arguable basis but its actions did not rise to the level of an independent tort. *Id.* at 628.

"[T]he plaintiff bears a heavy burden in demonstrating to the trial court that there was no reasonably arguable basis for denying the claim." *Windmon v. Marshall*, 926 So. 2d 867, 872 (Miss. 2006). Here, as the district court noted, there may have been things that State Farm could have done better in its claim handling. But State Farm never fully denied coverage. Instead, the dispute has always been whether the home could be repaired for an amount within the policy limit. Ultimately, the jury found that State Farm should have paid more than it did but still an amount less than the policy limit. The evidence reflects that this case presented a pocketbook dispute between the parties and that State Farm's claim position was at least arguable. *See Tutor v. Ranger Ins. Co.*, 804 F.2d 1395, 1398-99 (5th Cir. 1986). As such, the district court did not err in granting State Farm's motion for judgment as a matter of law.

IV

The judgment of the district court is AFFIRMED.