# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 2, 2022

Lyle W. Cayce
Clerk

No. 21-30250

James Million; Gloria Million,

*Plaintiffs—Appellants*,

*versus*

Cos-Mar Company,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:19-CV-771

Before Owen, *Chief Judge*, and Clement and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

This appeal concerns the timeliness of a complaint alleging tortious workplace conduct. The district court dismissed the complaint, concluding that it was filed outside Louisiana's one-year prescriptive period and denied leave to amend. James and Gloria Million (the Millions) argue that the

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-30250

prescriptive period was interrupted by a lawsuit they had previously filed asserting similar claims against other defendants. The Millions raise matters for the first time on appeal that were not presented to the district court. We will not consider those contentions. We affirm the district court's judgment.

## I

James Million worked in the chemical industry for over forty years. After his retirement, he was diagnosed in February 2016 with lymphoma, which is a form of cancer, and pulmonary embolisms. Prior to filing the present suit, he and his wife Gloria Million filed a diversity action in federal district court on February 1, 2017, asserting claims of negligence and strict liability under Louisiana law.[1] The defendants in that suit were James's former employers, Brock Services, LLC (Brock) and Protherm Services Group (Protherm), and one of their general contractors, Exxon Mobil (Exxon).[2] The complaint alleged that James was exposed to hazardous chemicals, including benzene and vinyl chloride, during his employment.

In a November 2018 deposition, James described working with hazardous chemicals at plants belonging to the Cos-Mar Company (Cos-Mar), which was not a party to the suit. The Millions moved for leave to amend the complaint to add Cos-Mar as a defendant, which the court denied. In July 2019, the court dismissed the claims against Brock and Protherm with prejudice on summary judgment. In December 2019, the court also dismissed the claims against Exxon with prejudice on summary judgment.

---

[1] *Million v. Exxon Mobil Corp.*, 837 F. App'x 263, 265 (5th Cir. 2020) (unpublished) (per curiam).

[2] *Id.* Brock has merged with Basic Industries. For simplicity, we use the term "Brock" to refer to both companies.

2

No. 21-30250

A few months after the claims against Brock and Protherm were dismissed, and while the claims against Exxon were still pending, the Millions filed this lawsuit in November 2019 against Cos-Mar. The complaint once again asserted tort claims based on James's alleged exposure to hazardous chemicals while working for employers such as Brock and Protherm that Cos-Mar had subcontracted. The presiding judge was not the same district court judge who heard and resolved the prior suit.

Cos-Mar moved to dismiss the lawsuit under Federal Rule of Civil Procedure 12(b)(6). Cos-Mar argued that the Millions' claims were barred by the one-year prescriptive period during which Louisiana personal injury suits must be filed.[3] The district court granted Cos-Mar's motion and dismissed the claims with prejudice. The court held that prescription barred the claims because the one-year statutory period began in February 2016, with James Million's diagnosis, and the lawsuit was filed in 2019. The Millions moved for reconsideration of the ruling or, in the alternative, for leave to amend the complaint. The district court denied reconsideration and leave to amend.

## II

The Millions contend that their claims are not time-barred. "We review a district court's ruling on a motion to dismiss de novo, 'accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs.'"[4] "To survive a motion to dismiss, a complaint must

---

[3] *See* LA. CIV. CODE ANN. art. 3492.

[4] *Scott v. U.S. Bank Nat'l Assoc.*, 16 F.4th 1204, 1209 (5th Cir. 2021) (quoting *Anderson v. Valdez*, 845 F.3d 580, 589 (5th Cir. 2016)).

'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"[5]

Rule 12(b)(6) addresses "the failure to state a claim upon which relief can be granted and encompasses dismissal on the basis of prescription."[6] In a prescription defense, "[t]he burden of proof is normally on the party pleading prescription; however, if on the face of the petition it appears that prescription has run, . . . the burden shifts to the plaintiff to prove a suspension or interruption of the prescriptive period."[7] When assessing prescription, we are mindful that "prescriptive statutes must be strictly construed against prescription and in favor of the obligation sought to be extinguished."[8]

Under Louisiana law, tort actions like the one here are "subject to a liberative prescriptive period of one year which commences to run from the day injury or damage is sustained."[9] "Damage is considered to have been sustained . . . only when it has manifested itself with sufficient certainty to support accrual of a cause of action."[10]

On the face of the Millions' complaint, it appears that prescription has run. The complaint alleges that James Million was diagnosed with cancer and pulmonary embolisms in February 2016, more than three years before

---

[5] *Jim S. Adler, P.C. v. McNeil Consultants, L.L.C.*, 10 F.4th 422, 426 (5th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[6] *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1283 (5th Cir. 1990).

[7] *Younger v. Marshall Indus., Inc.*, 618 So. 2d 866, 869 (La. 1993).

[8] *Borel v. Young*, 989 So. 2d 42, 64 (La. 2008) (on rehearing).

[9] *Cichirillo v. Avondale Indus., Inc.*, 917 So. 2d 424, 430 (La. 2005) (citing LA. CIV. CODE ANN. art. 3492).

[10] *Cole v. Celotex Corp.*, 620 So. 2d 1154, 1156 (La. 1993).

No. 21-30250

the Millions filed this lawsuit.  On appeal, there is no dispute that the damage manifested itself with sufficient certainty by the date of diagnosis.

Because the complaint is prescribed on its face, the Millions have the burden to negate prescription.[11]   They argue that prescription was interrupted when they timely filed a lawsuit in 2017 against defendants that they assert share Cos-Mar's obligation to redress their injury.

"Prescription is interrupted by the filing of suit in a court of competent jurisdiction and venue."[12]  When prescription is interrupted by the filing of a lawsuit, the interruption "continues as long as the suit is pending."[13]

The Millions argue that their 2017 complaint interrupted prescription because Cos-Mar and the defendants in the first lawsuit have joint or solidary liability for their injury.  In Louisiana, "the interruption of prescription by suit against one solidary obligor is effective as to all solidary obligors."[14] "The same principle is applicable to joint tortfeasors."[15]  "An obligation is solidary for the obligors when each obligor is liable for the whole performance."[16]  "If liability is not solidary . . . , then liability for damages caused by two or more persons shall be a joint and divisible obligation," and the rule for interruption governing joint tortfeasors applies.[17]  "However, a

---

[11] *Taranto v. La. Citizens Prop. Ins. Corp.*, 62 So. 3d 721, 726 (La. 2011).

[12] *Cichirillo*, 917 So. 2d at 430 (citing LA. CIV. CODE ANN. art. 3462).

[13] LA. CIV. CODE ANN. art. 3463.

[14] *Renfroe v. State ex rel. Dep't of Transp. & Dev.*, 809 So. 2d 947, 950 (La. 2002) (citing LA. CIV. CODE ANN. art. 1799, 3503).

[15] *Id.* (citing LA. CIV. CODE ANN. art. 2324(C)).

[16] LA. CIV. CODE ANN. art. 1794.

[17] LA. CIV. CODE ANN. art. 2324.

suit timely filed against one defendant does not interrupt prescription as against other defendants not timely sued, where the timely sued defendant is ultimately found not liable to plaintiffs . . . ."[18]

In the district court, Cos-Mar argued that "the claims against all the defendants in the first lawsuit were dismissed with prejudice when the Court granted their motions for summary judgment. Plaintiffs did not meet their burden of proof to defeat summary judgment and the Court further reasoned Plaintiffs did not establish medical causation." This is not entirely correct. The district court granted Exxon Mobil Corp.'s motion for summary judgment because there was no evidence of medical causation.[19] But that opinion reflects that the motions for summary judgment filed by James Million's former employers were granted on the basis of the exclusivity provision of the Louisiana Workers Compensation Act (LWCA)[20] and the Millions' failure to raise a fact issue that the employers' actions came within the LWCA's intentional tort exception.[21]

Nevertheless, the Millions did not take issue in the district court with Cos-Mar's characterization of the bases for the summary judgments in the prior suit. The Millions did not raise the LWCA at all in the district court action from which the present appeal has been taken. Even assuming, without deciding, that Cos-Mar might otherwise have been solidarily liable with one or more of the defendants in the prior suit, based on the arguments presented to the district court, which was that judgment was rendered in

---

[18] *Renfroe v. State ex rel. Dep't of Transp. & Dev.*, 809 So. 2d 947, 950 (La. 2002).

[19] *Million v. Exxon Mobil Corp./Exxon Chem. Co.*, No. 17-00060, 2019 WL 3210079, at *6-7 (M.D. La. July 16, 2019) (unpublished).

[20] La. Stat. Ann. § 23:1032.

[21] *Million*, 2019 WL 3210079, at *6-7; *see also Million v. Exxon Mobil Corp.*, 837 F. App'x 263, 266 (5th Cir. 2020) (unpublished) (per curiam).

No. 21-30250

favor of the defendants in the prior suit due to the lack of evidence of medical causation, the district court did not err in concluding that the Millions' claims were prescribed.

### III

The Millions have made arguments in this court that were not presented to the district court. They assert that prescription was interrupted because of Brock and Protherm's workers' compensation obligations.

In general, when a court dismisses a lawsuit against an alleged solidary obligor or joint tortfeasor, that lawsuit no longer serves to interrupt prescription. "[W]hile prescription is interrupted by suit against one solidary obligor or joint tortfeasor as to the other solidary obligors and joint tortfeasors not timely sued, where the timely sued defendant is ultimately found not liable to plaintiffs, the suit against the untimely sued defendants will then be dismissed, because no joint or solidary obligation would exist."[22] As discussed above, once a court determines that a defendant has no liability for the damages sought, the defendant typically "ha[s] no obligation to the plaintiff and could not be considered an 'obligor,' solidary or otherwise."[23]

The Millions draw on an exception to this general rule that applies to dismissals of suit based on workers' compensation exclusivity. The Supreme Court of Louisiana articulated this exception in *Glasgow v. PAR Minerals Corporation*.[24] *Glasgow* focused on an article of the Louisiana Civil Code that provides: "If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by

---

[22] *Sims v. Am. Ins. Co.*, 101 So. 3d 1, 6 (La. 2012) (internal citations omitted); *see also Renfroe v. State ex rel. Dep't of Transp. & Dev.*, 809 So. 2d 947, 950 (La. 2002).

[23] *Etienne v. Nat'l Auto Ins. Co.*, 759 So. 2d 51, 56 (La. 2000).

[24] 70 So. 3d 765 (La. 2011).

7

process within the prescriptive period."[25]  The Court interpreted the phrase "incompetent court" to include "a court lacking subject matter jurisdiction."[26]  Based on that definition, *Glasgow* deemed incompetent a court that rendered a tort judgment against a party that was immune from tort liability because of workers' compensation exclusivity.[27]

The decision in *Glasgow* further determined that a dismissal based on workers' compensation exclusivity influenced the defendant's obligor status.[28]  Despite the absence of tort liability, a defendant who was liable for workers' compensation benefits could still qualify as a solidary obligor: "A defendant obligated for workers' compensation benefits because the defendant is an employer is a solidary obligor along with an alleged tortfeasor."[29]

Given these principles, the *Glasgow* Court outlined a "two-part formula for interrupting prescription in this situation: 1) a timely lawsuit (and service, if in an incompetent court); and 2) a solidary relationship between a party sued within the prescriptive period and a party not sued within the prescriptive period."[30]  Because the plaintiff in *Glasgow* had filed suit and

---

[25] *Id.* at 768 (quoting LA. CIV. CODE ANN. art. 3462).

[26] *Id.* at 768-69.

[27] *Id.* at 769.

[28] *Id.*

[29] *Id.*; *see also id.* at 770 ("[T]he fact that an obligation existed to provide workers' compensation benefits meant that for purposes of prescription, the alleged tortfeasor and the employer were solidary obligors.").

[30] *Id.* at 772 (internal citations omitted).

served process on the defendant within the prescriptive period, the plaintiff could interrupt prescription against another alleged tortfeasor.[31]

The Millions argue that *Glasgow* dictates interruption of prescription here. For the first time, they assert in their brief to this court that their suit against Brock and Protherm was dismissed on the ground of workers' compensation exclusivity.[32] They also allege for the first time that James has pending workers' compensation claims against Brock and Protherm. (We note that based on the referenced actions, those proceedings were not initiated until 2021.) Under prong one of the *Glasgow* formula, the Millions argue that their suit against Brock and Protherm was timely filed. They do not discuss the timeliness of service, a necessary condition when the suit is filed in an incompetent court. Under prong two, the Millions argue that Cos-Mar, Brock, and Protherm are solidary obligors because Brock and Protherm have alleged workers' compensation liability that is coextensive with Cos-Mar's alleged tort liability.

We decline to rule on the merits of the Millions' new theory of interruption. In failing to present this theory to the district court, the Millions have forfeited the argument.[33] "We do not ordinarily consider issues that are forfeited because they are raised for the first time on appeal."[34] More specifically, "an issue will not be addressed when raised for the first

---

[31] *Id.* at 769, 772.

[32] *See Million v. Exxon Mobil Corp.*, 837 F. App'x 263, 266 (5th Cir. 2020) (unpublished) (per curiam); *Million v. Exxon Mobil Corp/Exxon Chem. Co.*, No. 17-00060, 2019 WL 3210079, at *7 (M.D. La. July 16, 2019) (unpublished) ("Plaintiff is limited to recovery against Defendants in workers' compensation.").

[33] *Rollins v. Home Depot U.S.A.*, 8 F.4th 393, 397-98 (5th Cir. 2021).

[34] *Id.* at 398.

No. 21-30250

time on appeal unless it is a purely legal matter and failure to consider the issue will result in a miscarriage of justice."[35]

## IV

Finally, we turn to the Millions' challenge to the district court's denial of their motion for leave to amend their complaint. The Millions did not initially seek leave to amend in response to Cos-Mar's motion to dismiss. They sought leave to amend only in their Rule 60 motion for reconsideration after an adverse judgment had been rendered against them and only in the event that the court did not reconsider dismissal. Their motion states: "In the alternative, if the Court cannot reach a favorable decision on behalf of the Plaintiffs, we respectfully ask the Court for leave to supplement and amend Plaintiffs' initial complaint." However, they did not present any facts or legal arguments to the district court that would have indicated that an amendment would not have been futile. Again, based on the facts and arguments presented to the district court, it did not err in failing to permit an amendment to the Millions' complaint.

\*　　\*　　\*

For the foregoing reasons, we AFFIRM the district court's judgment.

---

[35] *Essinger v. Liberty Mut. Fire Ins. Co.*, 534 F.3d 450, 453 (5th Cir. 2008).