# United States Court of Appeals for the Fifth Circuit

No. 23-20298
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 6, 2024

Lyle W. Cayce
Clerk

Percival Dyer,

*Plaintiff—Appellant*,

*versus*

Capital One National Association,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-4230

_____

Before Dennis, Wilson, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Percival Dyer ("Dyer") appeals the district court's grant of summary judgment in favor of Defendant-Appellee Capital One National Association ("Capital One") on her claims that Capital One's closure of her accounts violated the Texas Deceptive Trade Practices Act

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-20298

("TDTPA"), breached its fiduciary duty, and violated the Texas Debt Collection Act ("TDCA"). We AFFIRM.

## I. Factual and Procedural Background

Dyer, and her company, New Dawn Consulting Center LLC, held multiple accounts with Capital One, including Capital One 360 checking and savings accounts, Capital One Essential checking and savings accounts, a Capital One Investing account, and three Capital One credit card accounts. Each of these accounts was subject to a user agreement that allowed Capital One to close the account at any time and for any reason permitted by law.

After noticing suspicious activity in three of Dyer's accounts—specifically balance transfers in excess of $267,000—Capital One investigated, determined that this activity was outside of its "risk tolerance parameters," and closed Dyer's accounts. After unsuccessfully petitioning Capital One to reopen her accounts, Dyer filed this suit in Texas state court. In her operative complaint, Dyer alleged that Capital One's closure of her accounts violated the TDTPA, breached its fiduciary duty, and violated the TDCA. Capital One removed this action to federal court in December 2020. In January 2023, Capital One filed a motion for summary judgment as to all three of Dyer's claims. Dyer did not file any opposition to this motion. In May 2022, the district court granted the motion, and entered final judgment in favor of Capital One.

Dyer timely appealed the district court's grant of summary judgment on the TDTPA and breach of fiduciary duty claims. She did not appeal the TDCA claim. On appeal, Dyer argues that the district court committed legal error when it found that she did not qualify as a consumer as a matter of law under the TDTPA, and that material fact disputes remained on both the TDTPA claim and the breach of fiduciary duty claim.

No. 23-20298

## II. Standard of Review

This court reviews grants of summary judgment *de novo. Templet v. HydroChem Inc.*, 367 F.3d 473, 477 (5th Cir. 2004) (citing *Tango Transp. v. Healthcare Fin. Servs. LLC*, 322 F.3d 888, 890 (5th Cir. 2003)). Summary judgment is only appropriate when "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . ." Fed. R. Civ. P. 56(c)(1)(A). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III. Discussion

As previously noted, Dyer did not file any opposition to Capital One's motion for summary judgment at the district court. On appeal, she argues for the first time that factual disputes precluded the district court's entry of summary judgment on both the TDTPA and breach of fiduciary claim. As we have held, "[a] party forfeits an argument by failing to raise it in the first instance in the district court—thus raising it for the first time on appeal . . . ." *Rollins v. Home Depot USA, Inc.*, 8 F.4th 393, 397 (5th Cir. 2021) (citations omitted). Thus, she has forfeited her arguments on appeal "by failing to raise [them] first before the district court." *Id.* at 397–98.

There are exceptions to this general rule, but none of them apply here. Dyer does not dispute the district court's jurisdiction, for example. *See United States v. Cotton*, 535 U.S. 625, 630 (2002) ("[S]ubject-matter

3

jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.").

We've also held that "an issue will not be addressed when raised for the first time on appeal *unless* it is a purely legal matter and failure to consider the issue will result in a miscarriage of justice." *Essinger v. Liberty Mut. Fire Ins. Co.*, 534 F.3d 450, 453 (5th Cir. 2008) (emphasis added); *see also Pegues v. Morehouse Par. Sch. Bd.*, 706 F.2d 735, 738 (5th Cir. 1983) ("It is axiomatic that an issue not raised in the trial court will not be considered on appeal unless it involves a pure question of law, and our refusal to address it would result in a miscarriage of justice."). But this is not that rare case. Dyer's alleged factual dispute is "plainly not a pure question of law."[1] *Rollins*, 8 F.4th at 399. And there is no manifest injustice to correct when "nothing prevented [Dyer] from alleging a fact dispute in the district court." *Id.*

## IV. Conclusion

For the foregoing reasons, we AFFIRM the district court's judgment.

---

[1] Even if Dyer's legal argument that she is a consumer as a matter of law is a "pure question of law," summary judgment remains warranted. As the district court found, "[e]ven if Dyer were a consumer, however, summary judgment would be appropriate [on the TDTPA claim] based on the absence of record evidence of any false, misleading, or deceptive act on the part of Capital One, which is also required for this claim."