# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 24, 2026

Lyle W. Cayce
Clerk

No. 25-60263

Cheryl Roberts; William Chambers,

*Plaintiffs—Appellees*,

*versus*

KJ Win, Incorporated,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:23-cv-2999

Before Southwick, Graves, and Wilson, *Circuit Judges*.
Cory T. Wilson, *Circuit Judge*:

After a multi-vehicle crash, Cheryl Roberts and William Chambers sued KJ Win, Inc., a trucking company, alleging that a KJ Win tractor-trailer caused the chain-reaction collision that injured them. When KJ Win did not answer or otherwise appear, the district court entered a $2.8 million default judgment against it. KJ Win later moved under Rule 60(b) to set aside the default judgment, but the district court denied that motion. KJ Win now appeals. We affirm.

No. 25-60263

## I.

Cheryl Roberts and William Chambers brought this diversity action after a December 2021 multi-vehicle crash on I-20 in Newton County, Mississippi, involving a tractor-trailer operated by an employee of KJ Win, a trucking company.  The complaint alleges that KJ Win's driver, acting within the scope of his employment, parked his tractor-trailer on the shoulder of the interstate, causing another tractor-trailer to change lanes suddenly and trigger a chain-reaction collision that injured both Plaintiffs.  Roberts alleges that she suffered traumatic brain injury and related ongoing neurological, orthopedic, and psychological problems, while Chambers alleges serious injuries including a fractured sternum, headaches, and PTSD.  Plaintiffs allege claims for negligence, negligence per se, and gross negligence against KJ Win's driver.  They assert that KJ Win is liable under respondeat superior.

Plaintiffs filed suit in October 2023.  They first attempted to serve KJ Win's registered agent, Ke Xiang, at Xiang's California address on file with the California Secretary of State.[1]  The process server reported that the building at the address, a residence, was vacant.  Plaintiffs then retained a private investigator who searched for Xiang and concluded that the same vacant Irvine address was the only address associated with him.  Plaintiffs next attempted service at a Chino Hills address listed in Federal Motor Carrier Safety Administration records for KJ Win, but that effort also failed.

Plaintiffs filed a motion in the district court for an extension of time to serve process and for leave to serve KJ Win through the California Secretary of State, pursuant to California Corporations Code § 1702.  The court

---

[1] KJ Win is a "foreign corporation in the state of California, with its corporate headquarters [in Irvine, CA]."

granted that motion in part and authorized substituted service through the California Secretary of State.

Even after Plaintiffs ostensibly perfected service on KJ Win via the Secretary of State, KJ Win did not answer or otherwise appear. The district court clerk entered a default on January 26, 2024, and on March 6, 2024, Plaintiffs moved for a default judgment and requested a hearing on damages.

After an evidentiary hearing, the district court entered default judgment on July 8, 2024. The court determined that it had subject matter jurisdiction as well as personal jurisdiction over KJ Win, concluding that Plaintiffs had effected proper service of process. And the court found that Plaintiffs' well-pleaded allegations established negligence and respondeat superior liability against KJ Win. The district court awarded Roberts $800,000 in economic damages and $1,000,000 in non-economic damages. It awarded Chambers $39,806.73 in economic damages and $1,000,000 in non-economic damages. The court's final judgment thus awarded damages totaling $2,839,806.73 against KJ Win.

On October 4, 2024, KJ Win surfaced and moved to set aside the default judgment under Federal Rule of Civil Procedure 60(b).[2] In that motion, KJ Win raised five issues: (1) it was not provided notice of the evidentiary hearing; (2) its default was not willful; (3) Plaintiffs would not be prejudiced by setting aside the judgment; (4) it had meritorious defenses; and (5) substantial justice would be served by setting aside the judgment. The

---

[2] Rule 60(b) provides, in relevant part: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (1) mistake, inadvertence, surprise, or excusable neglect; . . . (4) the judgment is void[.]" FED. R. CIV. P. 60(b).

district court denied the Rule 60 motion on April 14, 2025, after finding that KJ Win had willfully defaulted. KJ Win timely appealed.

## II.

KJ Win moved to set aside the default judgment against it under Federal Rules of Civil Procedure 60(b)(1) and 60(b)(4). We "review the district court's denial of relief under Rule 60(b)(1) for abuse of discretion." *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 118 (5th Cir. 2008). "A district court abuses its discretion if it bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005) (citation and quotation marks omitted). "This court reviews de novo a district court's denial of a Rule 60(b)(4) motion to set aside a judgment as void." *S.E.C. v. Novinger*, 40 F.4th 297, 301 (5th Cir. 2022) (citation omitted).

This court typically "refuse[s] to consider issues not raised below." *Coastal States Mktg., Inc. v. Hunt*, 694 F.2d 1358, 1364 (5th Cir. 1983) (citation omitted). There are exceptions to this general rule, but for us to reach an unpreserved argument, the issue must be "a purely legal matter and failure to consider [it] [must] result in a miscarriage of justice." *Rollins v. Home Depot USA*, 8 F.4th 393, 398 (5th Cir. 2021).

## III.

KJ Win raises several issues on appeal. It first contends that (A) the district court's willfulness finding under Rule 60(b)(1) amounts to an abuse of discretion. It then argues—for the first time on appeal—that (B) the default judgment is void under Rule 60(b)(4) because Plaintiffs' substituted service was defective, such that the district court lacked personal

jurisdiction.[3]   Similarly, KJ Win newly raises (C) two challenges to the district court's damages award, namely, that it exceeds Mississippi's statutory damages cap, and that KJ Win is entitled to a *pro tanto* offset because "Mississippi is a comparative fault state."   As to its unpreserved claims, KJ Win maintains that (D) this court should consider its forfeited arguments and set aside the judgment in the name of "[e]quity and justice." We examine each of these issues in turn.

## A.

KJ Win contends that the district court abused its discretion by denying Rule 60(b)(1) relief in two respects:  first, by treating KJ Win's failure to maintain a current address with the California Secretary of State as willful default;  second, by ending its Rule 60(b)(1) analysis at willfulness without separately considering prejudice or whether KJ Win had a meritorious defense to Plaintiffs' claims.

"In determining whether good cause exists to set aside a default judgment under Rule 60(b)(1)," district courts examine "'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'"   *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 500 (5th Cir. 2015) (quoting *Jenkens*, 542 F.3d at 119).  But "[a] finding of willful default ends the inquiry[.]"  *Id.* at 500 (quoting *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000)).   "The

---

[3] In the district court, KJ Win argued that the default judgment was void under Rule 60(b)(4) *not* because service was defective, but because "KJ Win was not provided seven (7) days' notice of any hearing on the default judgment despite a reasonable expectation that KJ Win would intend to defend the claim[.]"  Because KJ Win does not mention its "notice of any hearing" argument on appeal, KJ Win has abandoned this argument. *See United States v. Hernandez*, 279 F.3d 302, 307 (5th Cir. 2002) ("It is well established that issues raised before the district court but not presented on appeal are [forfeited]." (citation omitted)).

defendant has the burden of showing by a preponderance of the evidence that its neglect was excusable, rather than willful[.]" *Id.* at 500–01 (citing *In re Chinese–Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014)). This court "review[s] the district court's corresponding factual determination for clear error." *Id.* at 501 (citing *In re Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992)).

*Wooten* guides our analysis. There, a defaulting company "offer[ed] no explanation for what happened between its presumed receipt of process and the date on which it retained counsel to try to vacate the default judgment." 788 F.3d at 501. Instead, the defaulting company "only reassert[ed] that service was not properly executed." *Id.* This court held that the defaulting company "ha[d] not borne its burden to show that its default was excusable" and thus "c[ould] [not] say . . . that the district court's factual finding of willfulness was clearly erroneous." *Id.*

As in *Wooten*, KJ Win gave the district court "no explanation for what happened" between service and its eventual effort to set aside the default judgment. *Id.* The district court specifically found that KJ Win had "produce[d] no evidence" showing that its failure to respond resulted from excusable neglect, noting that KJ Win's counsel could not "conjure a supporting affidavit or even affirmatively deny that KJ Win knew of this suit." Rather than remedy those deficiencies on appeal, KJ Win's argument largely collapses into the premises that service was defective and that its failure to maintain accurate records with the California Secretary of State should not count against it. But *Wooten* forecloses that workaround: Once service is treated as valid, a defendant cannot satisfy Rule 60(b)(1) merely by insisting that its nonappearance was unintentional, yet offering *no evidence* showing how the failure to respond occurred. *See id.* On the record before us, we cannot say that the district court's factual finding that KJ Win's default was willful was clearly erroneous.

6

Nor did the district court err by stopping its analysis there. Because "[a] finding of willful default ends the inquiry," the court was not required to separately analyze prejudice or meritorious defenses. *Id.* at 500 (quoting *Lacy*, 227 F.3d at 292). The district court did not abuse its discretion in denying Rule 60(b)(1) relief.

## B.

KJ Win argues—for the first time on appeal—that the default judgment is void under Rule 60(b)(4) because defective service deprived the district court of personal jurisdiction. "As a general principle of appellate review," this court "refuse[s] to consider issues not raised below." *Coastal States*, 694 F.2d at 1364 (citation omitted). But this court "ha[s] not squarely addressed whether arguments regarding the validity of a default judgment due to personal jurisdiction, normally raised under Rule 60(b)(4), are forfeited if not raised in the district court." *LMC Props., Inc. v. Prolink Roofing Sys., Inc.*, No. 23-11090, 2024 WL 4449421, at *5 (5th Cir. Oct. 9, 2024).[4] Our court has, however, previewed the matter:

> At least two other circuits have held that "*in personam* jurisdictional challenges to default judgments are forfeited if not asserted in a Rule 60(b) motion, if such a motion is made." Moreover, it is well settled that, "personal jurisdiction is a *personal* defense that may be waived or forfeited." This court has held that, "objections to personal jurisdiction or to service of process must be raised in a timely fashion, i.e., as a party's first pleading in the case, or they are waived." We have also held that a motion to dismiss for lack of personal jurisdiction "must be considered by the district court before other

---

[4] The Fifth Circuit "has held that failure to raise arguments under Rule 60(b)(2) or (3) to the district court precludes a party from raising those arguments on appeal." *LMC Props., Inc.* 2024 WL 4449421, at *5.

challenges, since the court must find jurisdiction before determining the validity of a claim."

*Id.* (citations omitted). One of those circuits, the Seventh, reasoned that requiring forfeiture in this context

> reflects the functional similarity between a personal jurisdictional challenge to a default judgment and a motion to dismiss for lack of jurisdiction under Fed. R. Civ. P. 12(b)(2). A defense of lack of jurisdiction is forfeited if not asserted in a timely motion to dismiss under Rule 12 or a responsive pleading or amendment of such as provided by Rule 15. A motion to vacate under Rule 60(b) for lack of jurisdiction is essentially equivalent to a Rule 12(b)(2) motion to dismiss for lack of jurisdiction.

*Swaim v. Moltan Co.*, 73 F.3d 711, 718 (7th Cir. 1996); *see also In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1300 (11th Cir. 2003) ("We agree with . . . *Swaim* and conclude that when a party asserts a Rule 60(b) challenge to a default judgment, absent a compelling showing that we should make an exception to this rule, challenges under Rule 60(b)(4) on insufficient service of process grounds are waived if not squarely raised." (citation omitted)).

We find *Swaim*'s reasoning persuasive. It fits comfortably with our ordinary forfeiture principles, our treatment of personal jurisdiction as a waivable defense, and our requirement that objections to service of process be raised in a timely fashion. It also prevents a defendant from withholding a threshold jurisdictional objection while pursuing other grounds for relief from default, only to revive that omitted objection for the first time on appeal.

Applying that reasoning here, because KJ Win failed to present its defective service argument in the district court, its jurisdictional argument is forfeited. We therefore do not address this issue further.

No. 25-60263

## C.

KJ Win also newly raises two challenges to the district court's award of damages: (1) the court erred in awarding each individual plaintiff—as opposed to the plaintiffs collectively—$1,000,000 in non-economic damages; and (2) KJ Win is entitled to "a *pro* tanto offset of any settlement with an alleged joint tortfeasor" because "Mississippi is a comparative fault state." As to the first point, KJ Win argues that Miss Code Ann. § 11-1-60(2)(a) caps non-economic damages as to *all* plaintiffs, not just as to *each* plaintiff, offering *Estate of Klaus v. Vicksburg Healthcare, LLC*, 972 So. 2d 555 (Miss. 2007), for support. As to the second, it asserts that Plaintiffs' briefing on appeal first revealed a settlement with another defendant, entitling KJ Win to an offset of the district court's damages award, per Miss. Code Ann. § 85-5-7(2).

Whatever the merits of these arguments—*Klaus* arose in the somewhat distinct context of wrongful death beneficiaries, not squarely the situation presented here; and the record supporting any offset is undeveloped and fact-dependent—neither was presented to the district court. They are therefore also forfeited. Given the ambiguities underneath the surface, and for the reasons we shortly explain, we decline further to address KJ Win's points regarding the damages award. *See Coastal States*, 694 F.2d at 1364; *E.E.O.C. v. Royer Homes of Miss., Inc.*, 48 F. App'x 917 (5th Cir. 2002) (finding that the defendant "waived any 'statutory cap' argument it may have had by not arguing it at the district court level").

## D.

KJ Win does not dispute that several of the arguments it lodges on appeal were not presented to the district court. Instead, KJ Win argues that "[e]quity and justice" warrant consideration of its unpreserved arguments. KJ Win contends that "facts, arguments, and positions that were not laid

9

before the [d]istrict [c]ourt" can nonetheless "be considered" when "they concern a 'purely legal matter and failure to consider the issue will result in a miscarriage of justice.'"

But this is not a case in which the forfeited arguments present only questions of law. *Inter alia*, KJ Win's defective service argument seeks to undermine the district court's *factual finding* regarding KJ Win's willfulness and hinges on other fact issues like the manner, timing, and adequacy of service, as well as the company's own conduct after service was attempted. And its damages arguments likewise turn on issues—factual and legal—that should have been developed in the district court.

Nor does our declining to consider KJ Win's unpreserved arguments risk a miscarriage of justice. "[W]hat constitutes . . . a miscarriage of justice is 'a question with no certain answer.'" *Rollins*, 8 F.4th at 398 (quoting *Essinger v. Liberty Mut. Fire Ins. Co.*, 534 F.3d 450, 453 (5th Cir. 2008)). But "appellate courts have considerable discretion in deciding whether to consider an issue that was not raised" in the district court. *Id.* Given that KJ Win offered no explanation for its default, its failure to maintain an address for service of process, or its failure to challenge the damages awarded by the district court in its Rule 60 motion, equity and justice do not compel giving KJ Win a do-over now.

## IV.

The district court did not reversibly err in denying KJ Win relief from the court's default judgment under Rule 60(b). KJ Win failed to carry its burden to show that its default constituted excusable neglect under Rule 60(b)(1), so the district court's finding of willfulness was not clearly erroneous. And KJ Win forfeited its Rule 60(b)(4) service argument and its damages arguments because they were not first presented to the district

No. 25-60263

court, and equitable considerations do not justify overlooking that forfeiture. Accordingly, the judgment of the district court is

AFFIRMED.